### IN THE CIRCUIT COURT OF FRANKLIN COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| TERRY CONWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | Div. |
| MONARCH RECOVERY ) | |
| MANAGEMENT, INC. ) | |
| ) | |
| Serve at: ) | **JURY TRIAL DEMANDED** |
| National Corporate Research, Ltd. ) | |
| 222 E. Dunkin, Suite 102 ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PETITION

Plaintiff Terry Conway ("Plaintiff"), through counsel, brings this Petition against Defendant Monarch Recovery Management, Inc., to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") as well as Missouri law, and states:

### JURISDICTION AND VENUE

1. This Court may exercise personal jurisdiction over Defendants for the reason that it regularly transacts debt collection business in Missouri, and the complained of herein occurred in Missouri or was otherwise directed toward Plaintiff in Missouri, satisfying Missouri's long-arm statute, Mo. Rev. Stat. § 506.500.

2. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. Mo. Const. Art. V § 14.

3. This Court has statutory authority to grant the relief requested herein

EXHIBIT A

pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this County pursuant to Mo. Rev. Stat. § 508.010.

## PARTIES

5. Plaintiff, Terry Conway, is a natural person residing within Washington, Missouri from whom Defendant attempted to collect an alleged debt. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

6. Defendant Monarch Recovery Management, Inc. is a Pennsylvania for-profit corporation with its principal place of business at 3260 Tillman Drive, Suite 75, Bensalem, PA 19020. It does business as a debt collector in Missouri, among other places.

7. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions.

8. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

9. The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

## FACTUAL ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the debt").

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. §1692a(5).

12. Sometime after the incurrence of the debt, Plaintiff fell behind on payments owed.

13. Thereafter, sometime after about March 2016, the debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter dated September 2, 2016, attached as **Exhibit A.**

15. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The letter was Defendant's "initial communication" or was sent within 5 days of such initial communication such that the requirements of 15 U.S.C. § 1692g(a) applied to **Exhibit A.**

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

19. The question of whether a collection letter is deceptive is determined from the perspective of the "unsophisticated consumer." *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

20. Section 1692g(a) requires that within five days after its initial communication a debt collector provide written notice to the consumer of, among other things, "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

21. A collection letter is deceptive under 15 U.S.C. §§ 1692e & 1692g(a) if it can reasonably be read by the unsophisticated consumer to have two or more meanings, one of which is false or inaccurate. *See, e.g., Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 687 (7th Cir. 2017) (affirming summary judgment granted in favor of plaintiff-debtor).

22. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

23. 15 U.S.C. §§ 1692e & 1692g(a) require debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72,76 (2d Cir. 2016); *Grubb v. Green Tree Serv'g, LLC*, Case No. 3:13-cv-07421-FLW-TJB at Doc. 73 (D.N.J. July 27, 2017).

24. The amount of the debt is a material piece of information to a consumer. Defendant's misrepresentations in its September 2, 2016 letter were material for purposes of 15 U.S.C. § 1692e. *But see Janetos v. Fulton Friedman & Gullace*, 825 F.3d 317, 324 (7th Cir. 2016) (holding that evidence of confusion or materiality unnecessary to prove violations of Section 1692g).

25. Knowing the amount of the debt affects how a consumer responds to a debt collector's attempts to collect the debt.

26. A statement as to the amount of the debt must convey the amount of the debt clearly from the perspective of the unsophisticated consumer.

27. A statement as to the amount of the debt must convey the amount of the debt accurately from the perspective of the unsophisticated consumer.

28. A statement as to the amount of the debt must convey the amount of the debt without ambiguity from the perspective of the unsophisticated consumer.

29. A statement as to the amount of the debt must allow the unsophisticated consumer to determine what that person will need to pay to resolve the debt at any given moment in the future.

30. A statement as to the amount of the debt must contain an explanation

understandable by the unsophisticated consumer of any fees or interest that may cause the balance to increase at any time in the future.

31. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt," deceptive under 15 U.S.C. §§ 1692e & 1692g(a).

32. Even if a debt collector accurately conveys the foregoing information, the written notice nevertheless violates 15 U.S.C. §§ 1692e & 1692g(a) if the unsophisticated consumer could inaccurately interpret the message.

33. The Debt is believed to have been incurred on an interest and fee bearing account.

34. At all relevant times herein, the Debt is believed to have accrued, and was subject to, interest.

35. At all relevant times herein, the Debt is believed to have accrued, and was subject to, late fees.

36. Defendant's Letter sets forth a "Total Balance as of 02 SEP 2016" of $603.78 in the header of the Letter.

37. Furthermore, in the body of Defendant's Letter, Defendant states "[a]s of the date of this letter, you owe $603.78."

38. Based on the above, Defendant's letter fails to disclose whether the amount stated may increase due to additional interest or late fees.

39. Defendant's letter fails to state what part of the amount stated is principal.

40. Defendant's letter fails to state what part of the amount stated is interest, if any.

41. Defendant's letter fails to state what part of the amount stated is late fees, if any.

42. Defendant's letter fails to indicate whether payment of the amount stated by any date certain would satisfy the debt.

43. Because Defendant's letter points out the "Total Balance as of 02 SEP 2016" and as well as the amount allegedly owed "[a]s of the date of this letter," an unsophisticated consumer could reasonably read Defendant's letter as meaning that the balance of the alleged debt was static.

44. Because Defendant's letter points out the "Total Balance as of 02 SEP 2016" and as well as the amount allegedly owed "[a]s of the date of this letter," an unsophisticated consumer could reasonably read Defendant's letter as meaning that the balance of the alleged debt was subject to interest and would, therefore, increase.

45. Based on the above, Defendant's letter fails to include any "safe harbor" language concerning the accrual of interest or late fees. See *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72,76 (2d Cir. 2016)

46. Because of the aforementioned failures, Defendant's letter would render the unsophisticated consumer unable to determine the minimum amount owed at the time of Defendant's letter.

47. Because of the aforementioned failures, Defendant's letter would render the unsophisticated consumer unable to determine what that person will need to pay to resolve the debt at any given moment in the future.

48. Because of the aforementioned failures, Defendant's letter would render the unsophisticated consumer unable to determine the amount of his or her debt.

49. Because of the aforementioned failures, Defendant's letter would render the unsophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

50. Because of the aforementioned failures, the unsophisticated consumer could reasonably believe that the debt could be satisfied by remitting the amount stated at any time after the receipt of Defendant's letter.

51. Because of the aforementioned failures the unsophisticated consumer, could also reasonably believe that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees (but without disclosure of how much of either interest or late fees accrued or were accruing).

52. If interest is continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the applicable interest rate.

53. If interest is continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the date of accrual of interest.

54. If interest is continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to provide the amount of interest during any measurable period.

55. If interest is continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve on any date after the date of the Letter.

56. If interest is continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt in the future.

57. If late fees are continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the amount of late fees.

58. If late fees are continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the date such fees will be added.

59. If late fees are continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to provide the amount of late fees during any measurable period.

60. If late fees are continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve on any date after the date of the Letter.

61. If late fees are continuing to accrue, the unsophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt in the future.

62. Plaintiff never entered into any agreement consenting to arbitrate disputes between herself and Defendant or waiving her right to a trial by jury.

63. All of Defendant's actions complained of herein occurred within one year of the date of this Petition.

64. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time, the cost of communication and/or travel incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

65. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered undue stress, anxiety, emotional distress, fear, frustration, and embarrassment.

66. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

67. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Demarais v. Gurstel Chargo, P.A.*, No. 16-31773, 2017 U.S. App. LEXIS 16474, -- F.3d ---- (8th Cir. 2017) ("[i]n light of Congress's judgment that attempts to collect debts not owed cause real injuries," violative debt collection causes a concrete injury in fact); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes

creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

68. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

69. Plaintiff's injury-in-fact is fairly traceable to the challenged conduct of Defendant.

70. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision against Defendant in this Court.

## COUNT I: VIOLATION OF THE FDCPA

71. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

72. The failure to include the foregoing information renders the Letter susceptible to an inaccurate reading by the unsophisticated consumer.

73. The failure to include the foregoing information allows the Letter to be read by the unsophisticated consumer to have two or more meanings, one of which is inaccurate.

74. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, incomplete.

75. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, insufficient.

76. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, deceptive under 15 U.S.C. § 1692e and fails to comply with 15 U.S.C. § 1692g(a).

77. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: September 1, 2017                    Respectfully Submitted,

**STURYCZ LAW GROUP LLC**

By:  /s/ Nathan D. Sturycz
Nathan D. Sturycz, #61744MO
100 N. Main, Suite 11
Edwardsville, IL  62025
Phone: 877-314-3223
Fax: 314-667-2733
nathan@sturyczlaw.com
*Attorney for Plaintiff*

Electronically Filed - Franklin County - December 05, 2017 - 09:57 AM



# IN THE 20TH JUDICIAL CIRCUIT COURT, FRANKLIN COUNTY, MISSOURI

| Judge or Division:<br>DAVID L HOVEN | Case Number: 17AB-AC01709 |
|---|---|
| Plaintiff/Petitioner:<br>TERRY CONWAY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>NATHAN DANIEL STURYCZ<br>190 CARONDELET PLAZA<br>SUITE 600<br>ST LOUIS, MO 63015 |
| Defendant/Respondent:<br>MONARCH RECOVERY MANAGEMENT, INC | Date, Time and Location of Court Appearance:<br>06-NOV-2017, 09:00 AM<br>DIVISION 6<br>401 EAST MAIN ST, RM 100A<br>UNION, MO 63084 |
| Nature of Suit:<br>AC Other Tort | |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: MONARCH RECOVERY MANAGEMENT, INC
Alias:

3260 TILLMAN DRIVE
SUITE 75
BENSALEM, PA 19020

**COURT SEAL OF**

**FRANKLIN COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

09-08-2017
Date

*Bill D. Miller*
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
  _Shelley Lewis_ (name) _____ (title).

☐ other_____

Served at _222 G. Dunklin St. Jefferson City mo._ (address)
in _Cole_ (County/City of St. Louis), MO, on _11-16-17_ (date) at _10:45 pm_ (time).

_Rufus R. Harmon_                                    _Rufus R. Harmon_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

LORETTA L NAPPIER
Notary Public - Notary Seal
STATE OF MISSOURI
Osage County
My Commission Expires: 4-21-20
Commission #16129359

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _November 30, 2017_ (date).
My commission expires: _4-21-20_
  Date                                                _Loretta L. Nappier_
                                                      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ (_____ miles @ $_____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-09) SM20 (ADSM) *For Court Use Only:* Document ID# 17-ADSM-1518          1          517.041 RSMo